FILED

2015 AUG 10 PM 1:13

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY  TH  DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAYLA M. CLAY, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHOBANI LLC; SAFEWAY, INC.; and THE VONS COMPANIES, INC.,<br><br>Defendants. | CASE NO. 14cv2258 (BEN) (DBH)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

Before this Court is a Motion to Remand to the San Diego Superior Court, pursuant to 28 U.S.C. § 1447(c), filed by Plaintiff Chayla M. Clay. Plaintiff's motion is denied.

## I. BACKGROUND

According to the Complaint, Plaintiff Chayla M. Clay is a citizen of the state of California and resides in San Diego County. Over the last three years, Plaintiff has purchased Chobani yogurt for personal consumption within California. *Id.* Chobani is a Delaware limited liability company with its principal executive office

in New York and is a citizen of Delaware and New York. Defendant Safeway, Inc. is a Delaware corporation headquartered in California. Defendant The Vons Companies, Inc. is a Michigan corporation headquartered in California. *Id.* Vons and Safeway were distributors of Chobani's yogurt in California during the Class Period.

Plaintiff filed her Complaint on August 21, 2014, in the Superior Court of the State of California County of San Diego (Case No.: 37-2014-00028267-CU-BT-CTL). According to the Complaint, Chobani "has become the best-selling brand of Greek yogurt in the United States." The Plaintiff seeks to represent a California class including "[a]ll persons who, while residing in California within the last four (4) years, made retail purchases in California of the Chobani Products and/or such subclasses as the Court may deem appropriate."[1] ( Compl. ¶ 55). Plaintiff states that she "is informed and believes that there are hundreds of thousands of Class members." ( Compl. ¶ 58). According to the Complaint, however, the amount in controversy "likely *does not* exceed the sum or value of $5,000,000." ( Compl. ¶ 14-15; Defs.' Notice of Removal ¶ 28) (emphasis added).

Plaintiff alleges California state law claims. Specifically, Plaintiff alleges a violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; False Advertising Law (FAL), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; Consumers Legal Remedies Act (CLRA), Cal. Civ. Code §§ 1750, *et seq.*; and negligent misrepresentation. The Complaint alleges that Chobani generated revenues estimated to be $1 billion for the year 2012; and in California alone, Defendants have "collected tens of millions of dollars." ( Compl. ¶ 14). "As a result of Defendants' wrongful conduct, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other general and specific

---

[1] Plaintiff later restates the class as "[a]ll person [sic] who, while residing in California within the applicable statute of limitations, made retail purchases, within California, of Chobani Products(s) and/or such subclasses as Plaintiff and/or Court may deem appropriate."

damages, including but not limited to the amounts paid for the Products, and any interest that would have been accrued on those monies." (Compl. ¶ 71).

On September 23, 2014, Defendants removed the state action on the ground that this Court has original jurisdiction under the Class Action Fairness Act of 2005 (CAFA).

Attached to the Notice of Removal, Defendants submitted the Declaration of John Bellardini (First Bellardini Declaration). According to the declaration, Bellardini is the Vice President of Finance and the Treasurer for Chobani, LLC. Bellardini declares with "certainty that Chobani's revenues from the sale of the Challenged Products in California during the last four years has been substantially in excess of $5 million." (First Bellardini Decl. ¶¶ 1, 2, 3). According to Bellardini, the amount Plaintiff seeks would be even higher due to the other Defendants' retailers' markup, which are not reflected in his calculations. (First Bellardini Decl. ¶ 5).

Defendants' Notice of Removal further states that a factually similar class action was filed *before* Plaintiff's Complaint. Specifically, on June 19, 2013, *Stoltz, et al. v. Chobani, LLC, et al.* was filed in the Eastern District of New York against one of the same Defendants in this case, Chobani, LLC.[2] *Stoltz* also alleges a violation of "California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*"

Plaintiff now seeks a remand back to the California state courts.

## II. DISCUSSION

Plaintiff argues that the Defendants cannot establish the amount in controversy exceeds $5,000,000 because the First Bellardini Declaration is

---

[2] *Stoltz, et al. v. Chobani, LLC, et al.*, 14-cv-03827, ECF No. 1 (E.D.N.Y. June 19, 2014)

inadmissible hearsay, and the declaration does not contain "any numbers that serve as a basis for his findings." In response, Defendants filed a second Bellardini Declaration which states that the amount in controversy far *exceeds* $5,000,000 for a single year *alone*. Defendants also point out that Plaintiff's own factual allegations establish an amount in controversy in excess of $5,000,000. As explained later, the amount in controversy requirement for CAFA jurisdiction has been satisfied for this stage of the proceedings.

Plaintiff also argues the "local controversy" exception. According to Plaintiff, the facts of both her Complaint and the *Stoltz* complaint are the same, but her claims are purely local. Because the plaintiffs in *Stoltz* amended their complaint to include a California subclass *after* Plaintiff's Complaint here was filed, the argument goes that no other similar class action existed when Plaintiff filed her Complaint in state court. As discussed below, the local controversy exception does not apply.

### III. LEGAL STANDARDS

CAFA provides a federal district court with original jurisdiction over a putative class action when the parties are minimally diverse, the putative class consists of at least 100 members, and the aggregate amount in controversy exceeds the threshold amount of $5,000,000. Title 28 U.S.C. § 1332(d)(2); 28 U.S.C. § 1332(d)(5)(B); *see Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). In determining whether that threshold is met, the claims of the individual class members are aggregated. 28 U.S.C. § 1332(d)(6). These rules apply to proposed classes and it does not matter whether the class has yet been certified. 28 U.S.C. § 1332(d)(8). However, whether the class has been certified matters if the Plaintiff attempts to stipulate to an amount below the CAFA threshold amount. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1349 (2013) (holding Plaintiff

may not stipulate to the minimum amount in controversy for the class before a class is certified).

"CAFA's primary objective [is to ensure] Federal court consideration of *interstate* cases of *national* importance." *Standard Fire Ins. Co.*, 133 S. Ct. at 1350 (2013) (emphasis added) (internal quotations omitted). However, there is an exception to federal CAFA jurisdiction known as the "local controversy" exception. *Serrano*, 478 F.3d at 1023. The "party seeking remand bears the burden to prove an exception to CAFA's jurisdiction." *Serrano*, 478 F.3d at 1022.

## IV. ANALYSIS

### A. Removal Under CAFA

The parties disagree over whether CAFA was properly invoked by the Defendants. This Court finds that it has original jurisdiction over the Plaintiff's putative class action under CAFA.

#### 1. The Parties Are Minimally Diverse

Parties to a class action are minimally diverse when "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(1)(2); *see Serrano*, 478 F.3d at 1021. Because neither party contests that Plaintiff is a citizen of California, one looks to whether any of the Defendants are minimally diverse from the Plaintiff. For purposes of 28 U.S.C. § 1332(d) and § 1453, a corporation is deemed to be a citizen of the state where it has its principal place of business and the state under whose laws it is organized. 28 U.S.C. § 1332(c). The principal place of business "should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

Defendant, Chobani, LLC is organized under the laws of Delaware and headquartered in New York. Thus, Chobani is a citizen of Delaware and New York. Because the Plaintiff is a citizen of California, CAFA's minimal diversity requirement is satisfied.

### 2. The Proposed Class Exceeds 100 Members

A plaintiff's allegations may satisfy CAFA's numerosity requirement. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013); *see also Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 868 (9th Cir. 2013). There is no argument on this point.

### 3. The Amount in Controversy Exceeds $5,000,000

"In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). When a defendant alleges the amount in controversy exceeds the CAFA threshold, the notice to remove need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (holding the district court erroneously remanded to state court when the defendant had submitted an affidavit in support of his calculation on the amount in controversy). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553. However, when those allegations are challenged by the plaintiff, *Dart* says: "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 553-4 (internal quotations omitted).

Here, Defendants have submitted two declarations of an executive officer. The Ninth Circuit has not yet detailed a procedure for the submission of evidence

when a plaintiff controverts the defendant's allegation on the minimum amount in controversy. However, two opinions provide guidance: *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193 (9th Cir. 2015) and *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202-03 (9th Cir. 2015). Under these decisions, Defendants must "persuade the court that the estimate of damages in controversy is a reasonable one." *Ibarra*, 775 F.3d at 1197-98. The district court should consider "*real evidence* and the reality of what is at stake in the litigation," and provide each party a "fair opportunity to submit proof." *Ibarra*, 775 F.3d at 1198, 1200 (emphasis added). The "evidence may be direct or circumstantial. . . [and] may require a chain of reasoning that includes assumptions . . . [that] need some reasonable ground underlying them." *Ibarra*, 775 F.3d at 1199-200.

*LaCross* further concludes that defendants satisfy that burden of proof when they "rel[y] on a reasonable chain of logic" based on the allegations of the complaint, and "present[] sufficient evidence to establish that the amount in controversy exceeds $5 million." *LaCross*, 775 F.3d at 1201 (reversing district court's judgment that the amount in controversy was not satisfied); *see also Unutoa v. Interstate Hotels & Resorts, Inc.*, No. 2:14-CV-09809-SVW-PJ, 2015 WL 898512, at *2 (C.D. Cal. Mar. 3, 2015) ("a court should deny a motion to remand where a defendant calculates the amount in controversy by relying on the clear allegations of the complaint regarding the frequency of violation and potential liability calculations supported by real evidence"). Here, Defendants have presented a reasonable chain of logic supported by the Bellardini Declarations, and relying on Plaintiff's own allegations.

First, it is worth noting that while Plaintiff's Complaint stipulates that the amount in controversy "likely" *does not* exceed the CAFA threshold, the stipulation means little. *Standard Fire* held that before a class is certified, the lead plaintiff lacks the authority to bind class members on the amount in controversy because of

the possibility that the "stipulation may not survive the class certification process." *Standard Fire*, 133 S. Ct. at 1348-49 (finding that in erroneously remanding the case to state court, the District Court should have ignored the stipulation by the lead Plaintiff of an uncertified class that the minimum amount in controversy will not exceed the $5,000,000 CAFA threshold); *see also Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013) (emphasizing that the district court is to ignore nonbinding stipulations made by a plaintiff on the amount in controversy). At this stage, the class has not been certified and Plaintiff therefore lacks the authority to stipulate that the minimum amount in controversy will not exceed the CAFA threshold.

Second, Defendants have relied on the factual allegations of the Complaint. *LaCross*, 775 F.3d at 1201. Defendants argue that Plaintiff's own factual allegations indicate the amount in controversy exceeds $5,000,000. Plaintiff's own Complaint states that "[a]s a direct result of Defendants' unlawful and deceptive sales practices" and "based on public filings with the federal government," Chobani generated revenues estimated to be $1 billion for the year 2012; and in California alone, Defendants have "collected tens of millions of dollars." Assuming the allegations of the Complaint are true, the putative class is entitled to the "tens of millions of dollars" that Defendants have collected.

Nor has Plaintiff submitted any evidence, such as her own affidavit, indicating what she payed for the allegedly mislabeled products and from which other calculations could be reasonably extrapolated. *See Ibarra*, 775 F.3d at 1199 ("Ibarra contested the assumption, but did not assert an alternative violation rate grounded in real evidence, such as an affidavit by Ibarra asserting how often he was denied meal and rest breaks.").

In relying on the allegations of Plaintiff's Complaint, Defendants have thus established a "reasonable chain of logic." *LaCross*, 775 F.3d at 1200, 1201. With

respect to *Ibarra's* "real evidence," Plaintiff contests the admissibility of the First Bellardini Declaration as hearsay, on the grounds that its assertions must be supported by facts or numbers under *Gaus* and *Lowdermilk*. Neither of these cases apply.[3] When considering the amount in controversy on a motion to remove, "summary-judgment-type" evidence, such as affidavits or declarations, are to be considered. *Ibarra*, 775 F.3d at 1198, 1200; *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Mr. Bellardini, as the Vice President of Finance and the Treasurer for Chobani, LLC., declares under his general knowledge and experience gained while working for Chobani, specific knowledge gained "by virtue of the duties, responsibilities, and obligations of [his] current position at Chobani, and personal knowledge obtained in the ordinary course of business and from reviewing corporate records created maintained by Chobani," with "certainty that Chobani's revenues from the sale of the Challenged Products in California during the *last four years* has been substantially in excess of $5 million." (First Bellardini Decl. ¶¶ 1, 2, 3) (emphasis added). Plaintiff's allegation is further supported because Mr. Bellardini declares that "Chobani's revenues from the sale of *all* Challenged Products in California over the *entirety* of the Class Period would be substantially in excess" of $5,000,000. (First Bellardini Decl. ¶ 4) (emphasis added). Mr. Bellardini also declares, "with certainty that Chobani's revenues from the California sales of the Challenged Products in 2013 alone, i.e. a single year of the class period, were well in excess of $5 million." (Second Bellardini Decl. ¶ 5). Both of these statements directly support the Plaintiff's allegation that "tens of millions" have been collected in California, and that Chobani's "estimated sales revenue in 2012" was $1,000,000,000. ( Compl. ¶14). According to Mr. Bellardini, the amount

---

[3] *Gaus* is distinguishable because it did not deal with removal under CAFA original jurisdiction. See *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). *Lowdermilk* has been effectively overruled by *Standard Fire Insurance. Standard Fire*,133 S. Ct. at 1348-49; *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("we hold that *Lowdermilk* has been effectively overruled, and that the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard."); see *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994 (9th Cir. 2007).

Plaintiff seeks would be even higher due to the other Defendants' retailers' markup, which are not reflected in his calculations.

The evidence submitted by Defendants supports their conclusion that Plaintiff's own Complaint puts the amount in controversy in excess of $5,000,000. "[T]he reality of what is at stake in the litigation" is beyond the CAFA threshold requirement because Plaintiff has put an amount more than $5,000,000 into controversy. *Ibarra*, 775 F.3d at 1198. Defendants have satisfied their burden. Because Defendants have satisfied their burden to establish original jurisdiction pursuant to CAFA, the burden now shifts to Plaintiff to prove that an exception to CAFA applies in order warrant a remand.

**B. The Local Controversy Exception Does Not Apply**

As previously mentioned, Plaintiff argues the "local controversy" exception applies. A district court is to decline jurisdiction under CAFA when the matter is a "local controversy." § 1332(d)(4). The Plaintiff "bears the burden to prove an exception to CAFA's jurisdiction." *Serrano*, 478 F.3d at 1021-22. The local controversy rule is:

> A district court shall decline to exercise jurisdiction . . . (A)(i) over a class action in which – (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed; (II) at least 1 defendant is a defendant – (aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed; and (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and (ii) during the 3-year period preceding the filing of that class action, *no* other class action has been filed asserting the same or similar factual allegations against *any* of the defendants on behalf of the same *or other persons*[.]

28 U.S.C. § 1332(d)(4) (emphasis added). The exception is to be read mindful of CAFA's primary objective, which is to ensure Federal court consideration of *interstate* cases of *national* importance.[4] *Standard Fire*, 133 S. Ct. at 1350.

Under subsections 1332(d)(4)(A)(i)(II)(bb), when an allegedly defective product is sold in all fifty states, but a class action is only brought on behalf of an in-state class against an out-of-state manufacturer and a few in-state retailers, the Ninth Circuit has recognized that the "local controversy" exception does not apply. The exception does not apply where "the great bulk of any damage award is sought from the manufacturer . . . rather than from the local [retailers]." *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1018 (9th Cir. 2011) (discussing the application of the "local controversy" rule in light of the Senate Judiciary Committee's intent stated in S. Rep No. 109-14). The exception requires that one "real" defendant be local. *Id.* Determining whether a particular defendant is "small change" can be made solely on the basis of the allegations in the complaint. *Id.*

According to the Complaint, Chobani is the real defendant. It sells the allegedly mislabeled product in all fifty states, and the product "has become the best-selling brand of Greek yogurt in the United States." (Compl. ¶ 14). Defendants Vons and Safeway are distributors. (Compl. ¶ 21). Although the Vons and Safeway have allegedly collected "tens of millions of dollars from the sale" of Chobani yogurt, it is Chobani that has an "estimated sales revenue in 2012 of $1 billion." (Compl. ¶ 14). Under subsection (d)(4)(A)(i)(II)(aa), the allegations of the Complaint indicate that the relief sought from Vons and Safeway is "small change" compared to what is sought from the real defendant, Chobani. *Coleman*, 631 F.3d

---

[4] "Congress enacted CAFA in 2005 to 'curb perceived abuses of the class action device which, in the view of CAFA's proponents, had often been used to litigate multistate or even national class actions in state courts.'" *Corber v. Xanodyne Pharm., Inc.*, 771 F.3d 1218, 1222 (9th Cir. 2014) (citing *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 952 (9th Cir. 2009)).

at 1018. The exception does not fit because the real Defendant, Chobani, is not a citizen of California.

Even if the requirements of subsection (d)(4)(A)(i) were satisfied here (which they are not), this case would still not satisfy the local controversy requirements of (d)(4)(A)(ii), because the New York *Stoltz* case was filed first. For example, in *Bridewell-Sledge v. Blue Cross of California*, a class action was not remanded under the local controversy exception because it was filed second. *See Bridewell-Sledge v. Blue Cross of California*, No. CV 14-04744 MMM CWX, 2015 WL 179779 (C.D. Cal. Jan. 14, 2015). There, two related class actions were filed on the same day against the same defendant. The first was filed "13 minutes and 50 seconds" before the second class action. *Bridewell-Sledge*, 2015 WL 179779, at *10. The court remanded the first action under the "local controversy" exception, but not the second action.

Here, *Stoltz* was filed first. Both the *Stoltz* action and the Complaint here name the same defendant, Chobani. In fact, most of the *Stoltz* Complaint is copied verbatim into Plaintiff's Complaint. The *Stoltz* action alleges a violation of the same California laws at issue here. *Stoltz*, was filed approximately three months *prior* to Plaintiff's Complaint. Therefore, this matter is not a true local controversy under CAFA. The claims against Chobani are of substantial national interest, as demonstrated by the existence of the first-filed New York *Stoltz* class action. *Standard Fire*, 133 S. Ct. at 1350. Moreover, the controversy cannot be said to be truly local under subsections §§ 1332(d)(4)(A)(i) or (d)(4)(A)(ii). Therefore, the Plaintiff has failed to establish the matter as a "local controversy."

**C. There is No Presumption Against Removal**

The Plaintiff contends that removal was improper because there is a strong presumption against removal. The Court in *Dart* disagrees. "It suffices to point out

that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart*, 135 S. Ct. at 554 (holding that the District Court erroneously applied a presumption against removal of a CAFA claim). There is no presumption for CAFA cases.

## V. CONCLUSION

Because the Defendants have shown by a preponderance of the evidence the minimum amount in controversy exceeds $5,000,000, this Court has original jurisdiction under CAFA. Because Plaintiff has not satisfied her burden of proving that an exception to CAFA jurisdiction applies, Plaintiff's Motion to Remand is hereby **DENIED**.

DATED: 8/10, 2015

Hon. Roger T. Benitez
United States District Judge